

FILED

JUL 0 5 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
_____
DEPUTY CLERK

1  McGREGOR W. SCOTT
   United States Attorney
2  MARK J. McKEON
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,          | CASE NO. 1:15-cr-00179-LJO

12 |                 Plaintiff,         | PLEA AGREEMENT

13 | PAIN FREE DIAGNOSTICS, INC.,       | DATE:   TO BE SET
   | a California Corporation,          | TIME:   TO BE SET
14 | dba Pain Free Management,          | COURT:  HON. LAWRENCE J. O'NEILL

15 |                 Defendant.

16

17         Pursuant to Rule II(c) of the Federal Rules of Criminal Procedure, the United States of America,

18  by and through McGregor W. Scott, the United States Attorney for the Eastern District of California,

19  and Assistant United States Attorney Mark J. McKeon; and Defendant PAIN FREE DIAGONOSTICS,

20  INC., dba Pain Free Management (hereinafter "defendant" or "PFM"), and Richard Alan Moss and

21  Daniel A. Bacon, attorneys for defendant PFM, have agreed as follows.

22                    **I.    INTRODUCTION**

23      **A.    Scope of Agreement.**

24         The Superseding Information in this case charges the defendant PFM with a violation of 18

25  U.S.C. § 1349 – Conspiracy to Commit Health Care Fraud.  This document contains the complete plea

26  agreement between the United States Attorney's Office for the Eastern District of California (the

27  "government") and the defendant regarding this case.  This plea agreement is limited to the United

28

PLEA AGREEMENT – PAIN FREE                    1
MANAGEMENT

1  States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or
2  local prosecuting, administrative, or regulatory authorities.

3  **B.   Court Not a Party.**

4      The Court is not a party to this plea agreement.  Sentencing is a matter solely within the
5  discretion of the Court, and the Court may take into consideration any and all facts and circumstances
6  concerning the criminal activities of defendant, including activities which may not have been charged in
7  the Superseding Information.  The Court is under no obligation to accept any recommendations made by
8  the government, and the Court may in its discretion impose any sentence it deems appropriate up to and
9  including the statutory maximum stated in this plea agreement.

10     If the Court should impose any sentence up to the maximum established by the statute, the
11  defendant cannot, for that reason alone, withdraw its guilty plea, it will remain bound to fulfill all of the
12  obligations under this plea agreement.  The defendant understands that neither the prosecutor, defense
13  counsel, nor the Court can make a binding prediction or promise regarding the sentence it will receive.

14                              **II.      DEFENDANT'S OBLIGATIONS**

15  **A.      Guilty Pleas.**

16     Defendant PFM will plead guilty to Count One of the Superseding Information, Conspiracy to
17  Commit Health Care Fraud, in violation of 18 U.S.C. § 1349.  The defendant agrees that it is in fact
18  guilty of this charge and that the facts set forth in the Factual Basis for Plea attached hereto as
19  Appendixes A and B are accurate.

20     The defendant agrees that this plea agreement will be filed with the Court and become a part of
21  the record of the case.  The defendant understands and agrees that it will not be allowed to withdraw its
22  plea should the Court not follow the government's sentencing recommendations.

23     The defendant agrees that the statements made by it in signing this Agreement, including the
24  factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by
25  the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a
26  guilty plea pursuant to this Agreement.  The defendant waives any rights under Fed. R. Crim. P. 11(f)
27  and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this
28  Agreement generally.

PLEA AGREEMENT – PAIN FREE              2
MANAGEMENT

1.     Waiver of Indictment:

The defendant acknowledges that under the United States Constitution it is entitled to be indicted by a grand jury on the charges to which it is pleading guilty and that pursuant to Fed.R.Crim.P. 7(b) it agrees to waive any and all rights it has to being prosecuted by way of indictment to the charges set forth in the information. The defendant agrees that at a time set by the Court, it will sign a written waiver of prosecution by Indictment and consent to proceed by Information rather than by Indictment.

2.     Package Agreement:

The defendant acknowledges and understands that the plea offer made to it here by the government is a "package offer." That is, the defendant understands that the offer made to it is conditioned on defendant BAHAR GHARIB-DANESH (hereinafter "GHARIB-DANESH") pleading guilty according to the terms of her Plea Agreement. The defendant understands that if GHARIB-DANESH declines, refuses or fails to plead guilty according to her respective offer, then, at the option of the government, it will not be allowed to enter a plea of guilty to the offer made by the government. Additionally, if GHARIB-DANESH fails or refuses to enter her plea according to her respective offer and defendant PFM already entered its plea, then this plea agreement is voidable at the option of the government. In its sole discretion, the government has the ability to withdraw from the plea agreement and pursue the original charges. However, the defendant's waiver of its rights under Rule 11(f) and Fed. R. Evid. 410, as set forth in Section II.A herein, will not operate.

Recognizing that this is a package offer, defendant PFM confirms that it has not been threatened, pressured, or coerced by any other person, to enter into this plea agreement. The defendant also confirms that it enters into this plea agreement voluntarily because it is in fact guilty of the offense to which it is pleading guilty.

3.     Corporate Authority

RICHARD ALAN MOSS acknowledges that he is authorized to act in the matter on behalf of PFM, as evidenced by the corporate resolution adopting this Plea Agreement and authorizing him to enter into the Plea Agreement, the Waiver of Prosecution by Indictment, and the Stipulation Regarding Restitution and Proposed Order Theron on behalf of the company, which is attached hereto.

**B.**     **Restitution.**

The victims of the fraudulent claims charged in Count One of the Superseding Information and the amount of their loss are identified in Appendix "B" hereto.  Defendant PFM agrees to pay restitution to the identified victims in the amount of $1,200,000 million.  Defendant shall pay this amount as set forth in the parties' Stipulation Regarding Restitution and Proposed Order Theron, attached hereto as Appendix "C."  Restitution payments shall be by cashier's or certified check made payable to the Clerk of the Court.  Full payment of this restitution shall be made by PFM prior to the defendant's scheduled appearance for sentencing.  The defendant understands that this plea agreement is voidable as to defendant at the option of the government if PFM fails to pay the stipulated restitution prior to its scheduled appearance for sentencing.

**C.**     **Fine.**

The parties agree that no fine is appropriate in this case.

**D.**     **Special Assessment.**

Defendant PFM agrees to pay a special assessment of $400 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing.  The defendant understands that this plea agreement is voidable at the option of the government if it fails to pay the assessment prior to that hearing.

**E.**     **Violation of Plea Agreement by Defendant/Withdrawal of Plea.**

If a defendant violates this plea agreement in any way, withdraws its plea, or tries to withdraw its plea, this plea agreement is voidable at the option of the government.  If the government elects not to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice.  Varying from stipulated Guidelines application or agreements regarding arguments as to 18 United States Code section 3553, as set forth in this agreement, personally or through

PLEA AGREEMENT – PAIN FREE
MANAGEMENT

4

1  counsel, also constitutes a violation of the plea agreement.  The government also shall have the right (1)
2  to prosecute the defendant on any of the counts to which it pleaded guilty; (2) to reinstate any counts
3  that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would
4  otherwise be barred by this plea agreement.  The defendant shall thereafter be subject to prosecution for
5  any federal criminal violation of which the government has knowledge.  The decision to pursue any or
6  all of these options is solely in the discretion of the United States Attorney's Office.

7       By signing this plea agreement, the defendant agrees to waive any objections, motions, and
8  defenses that the defendant might have to the government's decision.  Any prosecutions that are not
9  time-barred by the applicable statute of limitations as of the date of this plea agreement may be
10  commenced in accordance with this paragraph, notwithstanding the expiration of the statute of
11  limitations between the signing of this plea agreement and the commencement of any such prosecutions.
12  The defendant agrees not to raise any objections based on the passage of time with respect to such
13  counts including, but not limited to, any statutes of limitation or any objections based on the Speedy
14  Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as
15  of the date of this plea agreement.  The determination of whether the defendant has violated the plea
16  agreement will be under a probable cause standard.

17       In addition, (1) all statements made by the defendant to the government or other designated law
18  enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal,
19  whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or
20  administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no
21  claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal
22  Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by
23  the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed.
24  By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

25                    **III.    THE GOVERNMENT'S OBLIGATIONS**

26       **A.    Recommendations.**

27            1.    Acceptance of Responsibility.

28       The government will recommend a two-level reduction (if the offense level is less than 16) or a

1  three-level reduction (if the offense level reaches 16) in the computation of its offense level if the

2  defendant clearly demonstrates acceptance of responsibility for its conduct as defined in U.S.S.G.

3  § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation

4  of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise

5  engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either

6  in the preparation of the pre-sentence report or during the sentencing proceeding.

7  **B.    Use of Information for Sentencing.**

8  The government is free to provide full and accurate information to the Court and Probation,

9  including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate

10 statements or arguments by the defendant, its attorney, Probation, or the Court. The defendant also

11 understands and agrees that nothing in this Plea Agreement bars the government from defending on

12 appeal or collateral review any sentence that the Court may impose.

13 ## IV.    ELEMENTS OF THE OFFENSE

14 At a trial, the government would have to prove beyond a reasonable doubt the following

15 elements of the offense to which the defendant is pleading guilty,

16 18 U.S.C. § 1349 – Conspiracy to Commit Health Care Fraud

17 The elements of the crime of Conspiracy to Commit Health Care Fraud are:

18 First,           beginning no later than in or about August 2005 and ending in or about November
19                  2012, there was an agreement between two or more persons to commit health care
                    fraud as charged in the indictment; and

20 Second,          the defendant became a member of the conspiracy knowing of at least one of its
21                  objects and intending to help accomplish it.

22 The defendant fully understands the nature and elements of the crime charged in the Superseding

23 Information to which it is pleading guilty, together with the possible defenses thereto, and have

24 discussed them with their attorney.

25 ## V.    MAXIMUM SENTENCE

26 **A.    Maximum Penalty.**

27 Defendant PFM understands that the maximum sentence that the Court can impose is a fine of

28 $250,000, a three-year period of supervised release and a special assessment of $400. By signing this

PLEA AGREEMENT – PAIN FREE            6
MANAGEMENT

plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count to which it is pleading guilty. The defendant further agrees, as noted above, that it will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the court. In addition, pursuant to §8D1.2(a)(1) of the United States Sentencing Guidelines and 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years.

## VI.   SENTENCING DETERMINATION

### A.   Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

## VII.   WAIVERS

### A.   Waiver of Constitutional Rights.

The defendant understands that by pleading guilty it is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on its behalf; (e) to confront and cross-examine witnesses against it; and (f) not to be compelled to incriminate itself.

### B.   Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives a defendant a right to appeal its guilty plea,

conviction, and sentence.  The defendant agrees as part of its plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum for the offense to which it is pleading guilty.  The defendant specifically gives up the right to appeal any order of restitution or forfeiture the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case.  The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

### C.   <u>Waiver of Attorneys' Fees and Costs.</u>

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

### VIII.   <u>ENTIRE PLEA AGREEMENT</u>

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

///

///

///

///

///

PLEA AGREEMENT – PAIN FREE
MANAGEMENT

8

1

## IX.     APPROVALS AND SIGNATURES

2

### A.     Defense Counsel.

3      I have read this plea agreement and have discussed it fully with my clients.  The plea agreement

4   accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to

5   plead guilty as set forth in this plea agreement.

6   Dated:     6/29/18

7                                                   RICHARD MOSS
                                                    Attorney for Defendant

8   Dated:

9
                                                    _____
10                                                  DANIEL A. BACON,
                                                    Attorney for Defendant

11

12

13   ### B.     Defendant:

14      I have read this plea agreement and carefully reviewed every part of it with my attorney.  I

15   understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully

16   understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my

17   case.  No other promises or inducements have been made to me, other than those contained in this plea

18   agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.

19   Finally, I am satisfied with the representation of my attorney in this case.  I am authorized to act in the

20   matter on behalf of PFM, as evidenced by the corporate resolution adopting this Plea Agreement and

21   authorizing me to enter into the Plea Agreement and the Waiver of Prosecution by Indictment on behalf

22   of the company, which is attached hereto.

23   Dated:     6/29/18

24                                                  RICHARD ALAN MOSS,
                                                    On behalf of PAIN FREE DIAGNOSTICS, INC.,
25                                                  a California Corporation, dba Pain Free
                                                    Management
26                                                  Defendant

27   ///

28   ///

PLEA AGREEMENT – PAIN FREE                9
MANAGEMENT

**C.**     **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated:     July 5, 2018

McGREGOR W. SCOTT
United States Attorney

MARK J. McKEON
Assistant United States Attorney

PLEA AGREEMENT – PAIN FREE
MANAGEMENT

10

APPENDIX "A"

Factual Basis for Plea

Between no later than in or about August 2005 and ending in or about November 2012, defendant PAIN FREE MANAGEMENT, J.T., and others devised a scheme and artifice to execute, and attempted to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is worker's compensation insurance, and obtained, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of private insurers in connection with the delivery of and payment of health care benefits, items and services,

J.T. is a clinical psychologist. He is physically located in Marina Del Rey, in Los Angeles County. In furtherance of the conspiracy, J.T. saw patients in Bakersfield by "Skype," generated reports for each patients which were virtually word-for-word identical, and then submitted bills to the insurance companies that were identical for each patient (down to the quarter of an hour billed for each service).

J.T. signed a "lease/management" agreement with PAIN FREE MANAGEMENT, where he agreed to lease space in clinics and to use the company to keep all his medical records and submit all his billings. PAIN FREE MANAGEMENT was also authorized to settle the liens/bills for any amount it wanted. In exchange for these "services," J.T. agreed to pay PAIN FREE MANAGEMENT 50% of all money he collected.

In addition PAIN FREE MANAGEMENT received billings from J.T. for medical-legal examinations by J.T. as a Qualified Medical Examiner (QME) when J.T. was not authorized to conduct medical-legal examinations as a QME, and under circumstances when medical-legal examinations were not authorized by California Law. The billings were then forwarded by PAIN FREE MANAGEMENT to a third party billing agency for both the purpose of preparing a CMS-1500 forms and sending them to the appropriate insurance company.

In furtherance of the conspiracy the fraudulent CMS-1500 forms, submitted by the third party billing agency, on behalf of J.T. resulted in the payment of approximately $2,538,,658.06, by the companies and in the amounts listed in Appendix "B."

PAIN FREE MANAGEMENT acted at all times with the intent to defraud.

PLEA AGREEMENT – PAIN FREE
MANAGEMENT

APPENDIX "B"

| Insurance Company | Restitution Amount |
|---|---|
| City of Los Angeles | $11,510.38 |
| Berkshire Hathaway Homestate Companies | $69,293.44 |
| Zenith Insurance Company | $29,378.71 |
| Sentry Insurance | $10,761.56 |
| CNA | $5,266.42 |
| Bonnamy & Associates, LLC | $30,905.69 |
| G4S Compliance & Investigations (Matrix Absence Management) | $4,265.79 |
| G4S Compliance & Investigations (CorVel Corporation) | $7,302.42 |
| G4S Compliance & Investigations (Broadspire) | $23,523.48 |
| Employers | $115,674.28 |
| The Hartford | $202,993.00 |
| Patriot Care Management, Inc. | $17,572.79 |
| American Claims Management | $36,379.51 |
| Farmers Insurance Exchange | $50,699.97 |
| Patriot Risk Services, Inc. (CIGA) | $14,288.82 |
| County of Los Angeles | $37,853.76 |
| Liberty Mutual | $291,559.77 |
| California State Compensation Insurance Fund (SCIF) | $635,639.76 |
| ICS Merrill (Marriott International) | $1,200.00 |
| Gallagher Bassett | $241,111.25 |
| Fireman's Fund Insurance Company | $18,670.00 |
| Intercare Holdings Insurance Services, Inc. | $46,806.22 |
| Accident Fund Holdings, Inc. (CompWest) | $36,673.20 |
| ICW Group Insurance Company | $16,481.89 |
| State Farm | $15,308.95 |
| ICW Group Insurance Company | $3,102.60 |
| Republic Indemnity Company of America | $2,500.00 |
| Travelers Company | $195,768.69 |
| York Risk Services Group | $85,808.91 |
| AIG | $168,872.69 |
| Zurich North America | $104,508.22 |
| Tristar Insurance Group | $2,600.00 |
| Pacific Compensation Insurance Company | $4,375.89 |
| **Total** | $2,538,658.06 |

PLEA AGREEMENT – PAIN FREE
MANAGEMENT

1
2
3
4
5
6
7
8
9
10

Appendix "C"

11

JOINT MOTION FOR THE DEPOSIT OF FUNDS INTO THE COURT'S REGISTRY;
AND ORDER THEREON

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLEA AGREEMENT – PAIN FREE
MANAGEMENT

1 | MCGREGOR W. SCOTT
United States Attorney
2 | MARK J. MCKEON
KURT A. DIDIER
3 | Assistant United States Attorneys
2500 Tulare Street, Suite 4401
4 | Fresno, CA 93721
Telephone: (559) 497-4000
5 | Facsimile: (559) 497-4099

6 | Attorneys for Plaintiff
United States of America

7

8

9

    IN THE UNITED STATES DISTRICT COURT

    EASTERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:15-CR-00179-LJO-SKO |
| Plaintiff, | **JOINT MOTION FOR THE DEPOSIT OF FUNDS INTO THE COURT'S REGISTRY; AND ORDER THEREON** |
| v. | |
| BAHAR GHARIB-DANESH, ET AL., | [No Hearing Requested] |
| Defendants. | |

18       Plaintiff United States of America and defendant Pain Free Diagnostics , Inc., a California

19 | Corporation, dba Pain Free Management (hereinafter, "Pain Free Management"), through their

20 | authorized representatives, hereby move for an order authorizing Defendant Pain Free Management to

21 | deposit $1,200,000.00 into the Court's registry (the Deposit) pending the outcome of this criminal

22 | prosecution. The movants further request that the order authorize the deposit of funds into an interest

23 | bearing account.

24       This Motion is based on the following grounds:

25       1.      On _____, 2018, the United States Attorney filed a Superseding Information charging

26 | Defendant Pain Free Management with one count of conspiracy to commit health care fraud in violation

27 | of 18 U.S.C. § 1349. On _____, defendant Pain Free Management signed in open court a written

28 | waiver of prosecution by indictment.

PLEA AGREEMENT – PAIN FREE
MANAGEMENT

2.     The movants have a negotiated resolution of the case as memorialized by their signed plea agreement, dated June __, 2018 (the Plea Agreement).  Pursuant to the Plea Agreement, the movants agree that defendant Pain Free Management owes its victims $1,200,000 in restitution.  Further, defendant Pain Free Management agrees to deposit $1,200,000.00 into the Court's Registry as stated below.

The movants thus agree that:

1.     Defendant Pain Free Management shall, prior to its scheduled appearance for sentencing, pay to the Clerk, United States District Court, $1,200,000.00 via cashier's check or money order.

2.     Defendant Pain Free Management shall make the check payable to the Clerk of Court, state its name and case number on the check and mail or deliver the payment to the Clerk's office at 501 I Street, Suite 4-200, Sacramento, CA 95814.  Defendant Pain Free Management shall include a self-addressed stamped envelope with its payment if she wants a payment receipt.

3.     The Deposit shall remain in the court's registry pending the Defendant Pain Free Management's sentencing in this case, or upon further order of the Court.

4.     The Deposit shall, upon sentencing, be applied with all accrued interest towards the restitution in the order stated in the Schedule of Payments section of the Judgment in a Criminal Case.  Defendant Pain Free Management will not oppose the application of the Deposit towards the restitution order entered against it.

The movants request that the Deposit be placed into an interest bearing account.

Respectfully submitted,

FOR THE UNITED STATES:

Dated: June __, 2018

MCGREGOR W. SCOTT
United States Attorney

By: _____

_____
MARK J. MCKEON
KURT A. DIDIER
Assistant United States Attorneys

PLEA AGREEMENT – PAIN FREE
MANAGEMENT

1   FOR DEFENDANT PAIN FREE MANAGEMENT:

2   Dated: June 28 2018

3                                                   RICHARD ALAN MOSS,

4                                                   On behalf of PAIN FREE DIAGNOSTICS, INC.,
                                                    a California Corporation, dba Pain Free Management

5                                                   Richard Alan Moss

6   APPROVED AS TO FORM AND CONTENT:

7   Dated: June 28, 2018

8

9                                                   RICHARD MOSS, ESQ.
                                                    Attorney for Defendant Pain Free Management

10  APPROVED AS TO FORM:

11  Dated: June __, 2018

12

13                                                  JEREMY J. DONATI
                                                    Operations Supervisor, U.S. District Court
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT – PAIN FREE
MANAGEMENT

**O R D E R**

The Court, having reviewed the court files and the movant's Joint Motion for Deposit of Funds into the Court's registry, and good cause appearing therefrom, hereby GRANTS the Motion. Accordingly, IT IS ORDERED that:

1.     Defendant Pain Free Management shall PAY, prior to the defendant Pain Free Management's scheduled appearance for sentencing, $1,200,000.00 to the Clerk, United States District Court, via a cashier's check or money order.

2.     The Clerk shall promptly DEPOSIT the $1,200,000.00 into an interest bearing account.

3.     The deposit, plus accrued interest, shall not be disbursed until further order of this Court.

IT IS SO ORDERED.

Dated: _____, 2018

_____
HONORABLE LAWRENCE J. O'NEILL
United States District Judge

PLEA AGREEMENT – PAIN FREE
MANAGEMENT

**MINUTES**
**COMBINED MEETING**
**SHAREHOLDERS AND BOARD OF DIRECTORS**
**PAIN FREE DIAGNOSTIC**

A combined meeting of Shareholders and Directors of PAIN FREE DIAGNOSTIC was held by telephone within the County of Los Angeles, State of California, on June 27, 2018, at 4:00 p.m.

The following Directors were present at the meeting:

BAHAR GHARIB

being a quorum of the Directors of the Corporation.

The following Shareholders were present in person or by proxy at the meeting:

BAHAR D. GHARIB TRUST by BAHAR GHARIB, Trustee

being a quorum of the Shareholders of the Corporation.

ALSO PRESENT:    RICHARD A. MOSS, ATTORNEY

BAHAR GHARIB, President of the Corporation, acted as Chairman of the meeting, and BAHAR GHARIB Secretary of the Corporation, acted as Secretary of the meeting.

The Secretary presented notice or waiver of notice of the meeting, signed by all interested parties.

The meeting, having been duly convened, was ready to proceed with its business. On motion duly made, seconded and carried, the following resolutions were adopted:

RESOLVED, that the corporation shall (1) enter a plea of guilty to one count of conspiracy to commit health care fraud in violation of 18 U.S.C. section 1349 in the matter of *United States v. Bahar Gharib-Danesh*, United States District Court for the Central District of California Case No. 1:15-cr-00179-LJO-SKO; (2) pay restitution in the amount of $1.2 Million as per the terms of a written Plea Agreement; and (3) waive indictment. The corporation's attorney, RICHARD A. MOSS, is hereby authorized to execute the Plea Agreement and Waiver of Indictment (attached hereto as Exhibit "A") on behalf of the corporation.

1

There being no further business, upon motion, the meeting was adjourned.

The undersigned hereby certifies that she is the duly elected and qualified Secretary and the custodian of the books and records and seal of PAIN FREE DIAGNOSTIC, a corporation duly formed pursuant to the laws of the State of California, and that the foregoing is a true record of a resolution duly adopted at a meeting of the Board of Directors, and that said meeting was held in accordance with state law and the Bylaws of the above-named Corporation on June 27, 2018, and that said resolution is now in full force and effect without modification or rescission.

IN WITNESS WHEREOF, I have executed my name as Secretary and have hereunto affixed the corporate seal of the above-named Corporation this _28_ day of _June_ 2018.

A True Record.

Attest.

_____
Bahar Gharib, as director and as trustee
of the Bahar D. Gharib Trust

2

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

State of California
County of __Los Angeles_____ }

On __06/28/2018_____ before me, __Andrea Chavez_____, Notary Public,
    *Date*                                    *Here Insert Name and Title of the Officer*

personally appeared ___*BAHAR  GHARIB*_____
                                      *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

ANDREA CHAVEZ
Commission # 2073933
Notary Public - California
Los Angeles County
My Comm. Expires Aug 5, 2018

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                   *Signature of Notary Public*

*Place Notary Seal and/or Stamp Above*

─────────────────── **OPTIONAL** ───────────────────
*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: __*MINUTES*_____
Document Date: ___*6/28/18*_____ Number of Pages: __*2*___
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General
☐ Individual          ☐ Attorney in Fact
☐ Trustee            ☐ Guardian of Conservator
☐ Other: _____
Signer is Representing: _____

Signer's Name: _____
☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General
☐ Individual          ☐ Attorney in Fact
☐ Trustee            ☐ Guardian of Conservator
☐ Other: _____
Signer is Representing: _____

©2017 National Notary Association

**WAIVER OF NOTICE**
**COMBINED MEETING**
**SHAREHOLDERS AND BOARD OF DIRECTORS**
**PAIN FREE DIAGNOSTIC**

I, the undersigned, the holder of 100% of the shares of stock and the sole director of PAIN FREE DIAGNOSTIC do hereby waive notice of the combined meeting of shareholders and board of directors of the said corporation.

Furthermore, the undersigned hereby agrees that said meeting shall be held at 4:00 p.m., on June 27, 2018, by telephone in the County of Los Angeles, State of California, with Richard A. Moss, attorney, also present.

Dated: June 27, 2018

Bahar Gharib, as director and as trustee
of the Bahar D. Gharib Trust

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Los Angeles }

On 06/28/2018 before me, Andrea Chavez , Notary Public
_Date_ _Here Insert Name and Title of the Officer_

personally appeared _BAHAR GHARIB_
_Name(s) of Signer(s)_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

ANDREA CHAVEZ
Commission # 2073933
Notary Public - California
Los Angeles County
My Comm. Expires Aug 5, 2018

_Place Notary Seal and/or Stamp Above_

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
_Signature of Notary Public_

──────────── **OPTIONAL** ────────────

_Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document._

**Description of Attached Document**
Title or Type of Document: _WAIVER OF NOTICE_

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | Signer's Name: _____ |
| □ Corporate Officer – Title(s): _____ | □ Corporate Officer – Title(s): _____ |
| □ Partner – □ Limited □ General | □ Partner – □ Limited □ General |
| □ Individual        □ Attorney in Fact | □ Individual        □ Attorney in Fact |
| □ Trustee        □ Guardian of Conservator | □ Trustee        □ Guardian of Conservator |
| □ Other: _____ | □ Other: _____ |
| Signer is Representing: _____ | Signer is Representing: _____ |

©2017 National Notary Association